UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-cr-0351-B-2 |
| | § | |
| JOSE AVELAR, JR., | § | |
| | § | |
|    Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Jose Avelar, Jr.'s Motion for Compassionate Release (Doc. 110). For the reasons set forth below, the Court **DENIES** Avelar's Motion **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

Defendant pleaded guilty to possession with intent to distribute a controlled substance. On February 13, 2017, the Court sentenced him to 168 months in prison. Doc. 83, J., 1–3. He did not file an appeal. Avelar, who is now thirty-nine years old, is serving his sentence at the La Tuna Federal Correctional Institute ("La Tuna FCI") and is scheduled to be released in October 2028.[1] As of November 16, 2022, La Tuna FCI reports zero active and 533 recovered cases of COVID-19 among its inmates.[2] Avelar filed the instant motion on October 31, 2022, requesting compassionate

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited November 16, 2022).

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last visited November 16, 2022).

release and the appointment of counsel. Doc. 110, Mot., 1. The Court reviews Avelar's Motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

As explained below, the Court denies Avelar's request for the appointment of counsel because Avelar's motion presents straightforward legal and factual claims. The Court also denies Avelar's request for compassionate release because he has not provided proof of exhaustion or shown extraordinary and compelling reasons for his release.

A.      *Avelar Is Not Entitled to Appointment of Counsel*

Avelar's request for appointment of counsel is **DENIED**. A district court must appoint counsel when there is a statutory or constitutional requirement to do so and may appoint counsel, under certain other circumstances, if justice so requires. *See, e.g.*, *United States v. Contreras*, 2021 WL 1536504, at *1 (E.D. Tex. Apr. 19, 2021) (noting that district courts have discretion to appoint counsel for some claims when "the petition presents significant legal issues, and if the appointment

of counsel will benefit the petitioner and the court in addressing [the] claim") (quoting *United States v. Molina-Flores*, 2018 WL 10050316, at *2 (N.D. Tex. Feb. 13, 2018) (Horan, Mag. J.)). This Court, like others within the Fifth Circuit, has held that there is no statutory or constitutional right to appointment of counsel for motions filed under § 3582(c)(1)(A). *United States v. Reed*, 2022 WL 198405, at *1 (N.D. Tex. Jan. 21, 2022) (Boyle, J.); *United States v. Jackson*, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020) (Lindsay, J.), *aff'd*, 829 F. App'x 73 (5th Cir. 2020). And here, Avelar's motion presents a straightforward claim urging early release from prison because of his increased susceptibility to COVID-19, which is not legally or factually complex. *See Contreras*, 2021 WL 1536504, at *2 (noting that compassionate release motions are generally "not particularly complex factually or legally"). Therefore, the Court finds that Avelar is not entitled to appointment of counsel.

B.    *Compassionate Release Is Not Appropriate*

    1.    <u>Avelar Has Not Shown Proof of Exhaustion</u>

Avelar's request for compassionate release fails because he has not proven that he satisfies the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

In his motion, Avelar claims that the warden at La Tuna FCI denied his request for compassionate release. Doc. 110, Mot., 61. But Avelar does not attach any proof that he requested relief from the warden of his facility or that the warden denied his request. *See generally id.* Avelar

contends that the Court may order La Tuna FCI to produce proof of his request and the warden's denial, *see id.*, but Avelar, not the Court, bears the burden of proving exhaustion. Without evidence that Avelar requested compassionate release from the warden and that thirty days have passed since the warden received or denied the request, Avelar fails to satisfy § 3582(c)(1)(A)'s exhaustion requirement. *Cf. United States v. Knox*, 2020 WL 4432852, at *2 (N.D. Tex. July 31, 2020) (Boyle, J.) (finding the exhaustion requirement was not met where a defendant provided a copy of a letter purportedly sent to the warden but did not provide proof the warden received the letter); § 3582(c)(1)(A). Thus, the Court **DENIES** Avelar's Motion because he has not shown he exhausted his administrative remedies.

      2.    <u>Regardless of Exhaustion, Avelar Has Not Demonstrated Extraordinary and Compelling Reasons for Release</u>

Avelar has also not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (internal quotations and alterations ommitted) (quoting 28 U.S.C. § 994(t)).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex.

Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1(A)–(C).[3] The Fifth Circuit has held that section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93. "Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see also United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]").

Considering Avelar's Motion in light of section 1B1.13 and applying its discretion, the Court concludes that Avelar has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A). In part because Avelar "cop[ied] a template from another pro se inmate," Doc. 110, Mot., 1, the Motion contains few allegations specific to Avelar. Avelar argues for compassionate release based on his risk of exposure to COVID-19 at La Tuna FCI. Doc. 110, Mot., 1–4. He notes that the risk of exposure is high in La Tuna FCI because many areas of the prison are communal, including the dorms, phones, and bathrooms. *Id.* at 3. Avelar further notes, "[t]hose with underlying health issues are at risk of severe illness" from COVID-19. *Id.* Avelar provides his medical records, *see id.* at 62–92, indicating that he currently is diagnosed with migraines, disturbances in tooth eruption, periodontal disease, bicipital tendinitis in his shoulder, cardiac murmur, and postnasal drip.

---

[3] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13(1)(A) cmt. 1(D).

*See id.* at 63. However, Avelar does not explain how his underlying conditions might exacerbate a potential COVID-19 infection. *See generally id.* at 1–4.

To the extent Avelar raises concerns about the conditions at La Tuna FCI and the risk of exposure to COVID-19 in the prison, those concerns do not give rise to extraordinary and compelling reasons for his release. "[A]llegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007) (per curiam). The Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus at various federal prisons. But La Tuna FCI's statistics—533 recovered cases and no active cases of COVID-19—suggest the current risk of infection is low. In considering motions for compassionate release, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at a given facility. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (Boyle, J.).

Similarly, Avelar's diagnoses, without more, do not give rise to extraordinary and compelling reasons for his release. For a court to consider a prisoner individually, the prisoner must provide more than a list of diagnoses. The Court must inquire into the extraordinary and compelling circumstances *specific to Avelar. See United States v. Isidaehomen*, 2021 WL 243458, at *3 (N.D. Tex. Jan. 25, 2021) (Boyle, J.). This includes inquiring into not only Avelar's diagnoses, but also the severity of his medical conditions and his ability to manage his health while incarcerated. *Id.* Courts have regularly declined to make "blanket pronouncements" concerning the propriety of incarceration on the basis of medical conditions alone. *See, e.g., Delgado*, 2020 WL 2542624, at *3 (organ transplants); *United States v. Long*, 2021 WL 949757, at *2 (N.D. Tex. Mar. 12, 2021) (Boyle, J.) ("chronic obstructive

lung disease, asthma, obstructive sleep apnea, benign hypertension, allergic rhinitis, obesity, arthropathy, and hepatitis C"); *Isidaehomen*, 2021 WL 243458, at *3 ("type II diabetes mellitus, hypertension, shortness of breath, thyroid disorder, anemia, unspecified hemorrhoids, pain in unspecified joint, acute sinusitis, allergic rhinitis, hypermetropia, unspecified glaucoma, unspecified polyneuropathy, and anxiety") (alterations omitted). The Court declines to make a blanket proclamation that the mere diagnosis of migraines, disturbances in tooth eruption, periodontal disease, bicipital tendinitis, cardiac murmur, postnasal drip, or some combination thereof justifies granting compassionate release.

Avelar does not explain how his underlying conditions might exacerbate a potential COVID-19 infection. *See* Doc. 110, Mot., 1–4. Without additional information, the Court is unable to evaluate Avelar's implicit argument that the combination of his underlying medical conditions and the risk of COVID-19 infection creates extraordinary and compelling reasons for release.

## IV.

## CONCLUSION

Avelar's request for appointment of counsel is **DENIED** because he is not entitled to counsel for this Motion and his Motion presents simple issues of law and fact. Moreover, his request for compassionate release under § 3582(c)(1)(A) fails because he has not proven exhaustion of his remedies or shown extraordinary and compelling reasons warranting compassionate release. *See* § 3582(c)(1)(A). For these reasons, the Court **DENIES WITHOUT PREJUDICE** Avelar's Motion (Doc. 110). By denying Avelar's Motion without prejudice, the Court permits Avelar to file a subsequent motion for compassionate release in the event that he can (1) satisfy the exhaustion

requirement and (2) provide evidence supporting a finding of extraordinary and compelling reasons for release.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), it must consider the sentencing factors of § 3553. § 3582(c)(1)(A). Because Avelar fails to prove exhaustion of his administrative remedies and extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today.

SO ORDERED.

SIGNED: November 20, 2022.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE